IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DAN GOODRICK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV04-436-C-EJL |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM ORDER** |
| WARDEN KEMPF, DEPUTY | ) | |
| WARDEN CARROLL, DEPUTY | ) | |
| WARDEN MACEACHERN, CAPT. | ) | |
| SCHRIVER, LT. SWEARINGER, | ) | |
| LT., MCKENZIE, SGT. ERBST, | ) | |
| C.O. BAUER, SGT. ROANE, C.O. | ) | |
| POTTER, and DEWAYNE SHEDD, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court are the following motions: (1) Plaintiff's Motion for Leave to Appeal (Docket No. 52); and (2) Plaintiff's Request for Issuance of Subpoenas. Having carefully reviewed the record, the Court enters the following Order.

I.

PENDING MOTIONS

**A. Background**

Plaintiff's civil rights claims allege that Defendants harassed and retaliated against him for filing lawsuits regarding prison conditions at ICI-O. He claims that Defendants

**ORDER  1**

seized his personal legal materials and would not provide him access to them. The confiscation of his legal materials had allegedly caused him to miss deadlines in another lawsuit he filed in federal court.

Plaintiff further alleges that Defendants confiscated his legal mail and opened it outside of his presence. They also allegedly delayed his receipt of the legal mail once it was opened. Plaintiff claimed that the confiscation of his legal materials has prevented him from filing a lawsuit based on prison conditions. In addition, he alleges that his prospective visitors were falsely accused of committing crimes as a way to prevent him from seeing them.

### B. Motion for Leave to Appeal

Plaintiff submitted a notice of appeal to the Clerk of Court and requested that it be forwarded to the Court of Appeals. The Court construes this request as a Motion for Leave to File an Appeal. On the proposed notice of appeal form, Plaintiff has drawn a line through the words "final judgment" and written in the word "order" of February 6, 2006. The February 6, 2006 Order denied Plaintiff's request for appointment of counsel, and it is this portion of the Order from which he attempts to file an appeal. *See* Docket No. 52-3.

The reason the notice of appeal form contains the words "final judgment" is that this is generally the jurisdictional requirement for having an appeal considered. Plaintiff is advised that 28 U.S.C. § 1291 vests courts of appeal with jurisdiction over "final decisions of the district courts." The statute has been interpreted to mean "that an appeal

**ORDER  2**

ordinarily will not lie until after final judgment has been entered in a case." *Cunningham v. Hamilton County*, 527 U.S. 198, 203 (1999). The final judgment rule serves the purpose of deferring to the trial judge's decisions on questions of law and fact and promotes judicial efficiency. *Id*. at 203-04. There are a small category of orders from which an appeal can be taken, and that "small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment." *Id*. at 204 (citing *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995)).

The Court's Order of February 3, 2006 denied Plaintiff's request for appointment of counsel without prejudice. The Order stated that "the Court will reconsider the issue of appointment of counsel at a later date." *Docket No. 50*. Plaintiff is one of the most experienced inmate litigators in the custody of the IDOC, and he was trained as a prison paralegal. Therefore, the Court determined that he was capable of articulating his legal positions and filing motions on his own behalf. Due to the limited number of Idaho attorneys available to take pro bono assignments from the Court, the Court has elected to appoint counsel on those cases which typically involve medical or psychiatric claims, and where it appears that the inmate is unable to articulate his or her own claims. The Court did not foreclose an appointment of counsel for Plaintiff at a future date, and therefore, no final determination has been made on this issue. The denial of appointed counsel was done without prejudice to re-filing the request, and therefore, it does not fit within the small category of orders that are exceptions to the final judgment rule.

**ORDER 3**

Based on the foregoing, Plaintiff's request to file a notice of appeal on the denial of appointed counsel is denied.

### C.  Plaintiff's Request for Issuance of Subpoenas

Plaintiff submitted four proposed subpoenas to the Clerk of Court, requesting that they be served by the U.S. Marshal Service.  An indigent party has no right to subpoena an unlimited number of witnesses.  *Cookish v. Cunningham*, 787 F.2d 1, 5 (1st Cir.1986).  If Plaintiff is seeking documents from nonparties, he can send a letter to them to determine whether they will provide the documents without a subpoena, and to determine the copying and transmittal fee.  Title 28 U.S.C. § 1915(d) does not allow the court to waive fees paid to witnesses or for copying and mailing documents arising out of a subpoena, even if the litigants has been granted in forma pauperis status.  *See McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir.1987)(indigent litigant must still pay witness fee to treating physician); *Malik v. Lavalley*, 994 F.2d 90 (2d Cir.1993) (per curiam)(indigent litigant must still pay witness fees for subpoena).

Before the Court will arrange for the subpoenas to be served by the U.S. Marshal Service, Plaintiff must supply the following additional information.

### Subpoena to Clerk of the U.S. District Court

Plaintiff requested that a subpoena be served on the Clerk of Court for the inspection and copying of affidavits filed by Dan Goodrick, Lynn Lawrence, and Alva

**ORDER  4**

Henke in the case of *Milstead v. State of Idaho*, CV94-178-N-HLR.  The Court has reviewed the docket for this case, and the requested affidavits do not appear as docket entries.  Also, it is not readily apparent how these documents relate to Plaintiff's retaliation claim.  Therefore, prior to requesting that the court file be sent from a storage site in another state, Plaintiff shall verify that he has the correct case number for these affidavits and submit a short description of the relevancy of these affidavits.

### Subpoena to Clerk of Court, Clearwater County

Plaintiff also requests that a subpoena be issued to the clerk of court in Clearwater County for inspection and copying of a motion to show cause in *Goodrick v. Idaho Board of Corrections*, HC SP 93-00111 and a petition for mandamus "filed by Alva Henke on or about 2-1-1995."  Prior to the issuance of the subpoena, Plaintiff shall submit a short description of the relevancy of these documents.

### Subpoena to Deputy Attorney General

Plaintiff also requests the issuance of a subpoena to the Deputy Attorney General for the IDOC for inspection and copying of "all transmittals to any IDOC mailroom to copy letters of Dan Goodrick and any copies of Goodrick's letters."  Plaintiff also requests copies of affidavits of Eric Maceachern filed in *Goodrick v. Foster*, CV03-195-LMB, but there are no affidavits listed in the Court's docket for this case.  Plaintiff requested voluntary dismissal of this action on December 24, 2003.  *See* Docket No. 12 therein.

**ORDER  5**

Plaintiff also requested copies of affidavits of Dewayne Shedd filed in *Goodrick v. Shedd* in CV99-558-S-EJL. Plaintiff is advised that he does not need to have a subpoena issued in order to obtain copies of documents that are within the custody and control of Defendants. Therefore, it does not appear that the requested documents are the proper subject of a subpoena. Additionally, it does not appear that at least one category of documents even exist. To the extent Plaintiff seeks copies of documents that are part of the Court's docket, he may direct the request to the Court after providing a short description of the relevancy of the requested affidavits.

**Subpoena to Steven Wolf**

Finally, Plaintiff requests the issuance of a subpoena to Steven Wolf for the inspection and copying of "all documents pertaining to complaint filed against Sgt. Shirley Roane by Debi Galloway on 10/11/04, including investigative reports, response, etc." Prior to the issuance of this subpoena, Plaintiff shall provide a short description of the relevancy of these documents to his retaliation claims.

**ORDER  6**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Appeal (Docket No. 52) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall provide the information as set forth above in support of his Request for Issuance of Subpoenas within thirty (30) days of this Order's date.

DATED: **July 6, 2006**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**ORDER  7**